In the Matter of the Transfer Tax upon the Estate of GEORGE G. HENRY, Deceased.

ELIZABETH L. HENRY, Individually and as Executrix, Appellant and Respondent; STATE TAX COMMISSION, Respondent and Appellant.

Tax — transfer tax — advances made by non-resident decedent to partnership in this state of which he was a partner, subject to transfer tax — allocation of commissions of executrix between home jurisdiction and this state.

1. Advances made by a non-resident to the partnership in this state of which he was a member, in the circumstances and upon the conditions appearing in the record, are held to be " capital invested in

business in the state by a non-resident of the state doing business in the state either as principal or partner " as provided in subdivision 2 of section 220 of the Tax Law (Cons. Laws, ch. 60).

2. Under the Transfer Tax Law as it stood in 1920, where there was but one set of administration commissions payable for the whole estate of a non-resident decedent, allocation between the home jurisdiction and New York was adequately made when there was allowance for the part of the commissions computed upon assets here. It was, therefore, error to deduct in addition the proportion of the commissions payable to the executrix on property outside of New York which the net New York estate bore to the entire estate wherever situated.

*Matter of Henry,* 203 App. Div. 456, modified.

(Argued November 19, 1923; decided December 27, 1923.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1922, which modified and affirmed as modified an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of George G. Henry, deceased.

*Charles A. Sawyer* and *Carl A. de Gersdorff* for Elizabeth L. Henry, individually and as executrix, appellant and respondent. Decedent's testamentary transfer of his right as a creditor against the firm is not taxable as the testamentary transfer of " an interest in any partnership business." (*Nichol & Vandewater* v. *Mumford,* 4 Johns. Ch. 520; *Matter of Dusenbery,* 2 State Dept. Rep. 501; *Geortner* v. *Trustees of Canajoharie,* 2 Barb. 625; *Menagh* v. *Whitewell,* 52 N. Y. 145; *Morse* v. *Gleason,* 64 N. Y. 204; *Staats* v. *Bristow,* 73 N. Y. 264; *Tarbel* v. *Bradley,* 7 Abb. [N. C.] 273; *Finley* v. *Fay,* 17 Hun, 67; *Tarbell* v. *West,* 86 N. Y. 280; *Sterrett* v. *Third Nat. Bank of Buffalo,* 46 Hun, 22; *Van Brocklen* v. *Smealie,* 140 N. Y. 70.) There should be allowed as a deduction the proportion of the executrix's commissions on property situated outside New York which the net New York estate bore to the entire estate wherever situated. (*Matter of Kennedy,* 20 Misc. Rep. 531; *Matter of Van Rensselaer,* N. Y.

L. J. Oct. 11, 1912; Gleason & Otis on Inheritance Taxation [2d ed.], 392, 395; *Matter of Porter*, 67 Misc. Rep. 19; *Matter of La Farge*, 149 N. Y. Supp. 535.)

*A. Welles Stump* and *Charles A. Curtin* for State Tax Commission, respondent and appellant. The advances, whether made by way of loan or by way of contribution to the capital of the business, constituted " capital invested in business in the state by a non-resident doing business in the state as partner." (*Matter of Green*, 192 App. Div. 30; *People ex rel. Thurber, Whyland & Co.* v. *Barker*, 141 N. Y. 118.) The advances were not loans, but constituted contributions to capital and are taxable as an interest in the partnership business. (*Schlesinger* v. *Burland*, 42 Misc. Rep. 206; *N. W. Mut. Life Ins. Co.* v. *Mooney*, 108 N. Y. 118; *Adams & Co.* v. *Albert*, 155 N. Y. 356.) The executrix is not entitled to the deduction of any further commissions. (*Matter of Grosvenor*, 124 App. Div. 331.)

*Per Curiam.* We concur with the Appellate Division in its conclusion that the so-called advances made by the decedent to the partnership of which he was a member are " capital invested in business in the state by a non-resident of the state doing business in the state either as principal or partner" (Tax Law [Cons. Laws, ch. 60], § 220, subd. 2). This leads to an affirmance of that part of the order which is the subject of the appeal by the executrix.

We think, however, that the Appellate Division erred in modifying the order of the surrogate by deducting the proportion of the commissions payable to the executrix on property outside of New York which the net New York estate bore to the entire estate wherever situated. The fact seems to have been overlooked that the surrogate had already allowed a deduction of commissions computed on the New York assets. The result of the modification

is to make the allowance twice. A different question would be here if there had been ancillary administration in New York. In such a situation duplication of administration expenses might be necessary. The fact is, however, that there was but one set of commissions payable for the whole estate. Allocation between the home jurisdiction and New York was adequately made when there was allowance for the part of the commissions computed upon assets here. We deal now with the law as it stood in 1920. Since the order under review was made, the rule has been clarified by an amendment of the statute (Tax Law, §˙ 221c; L. 1922, ch. 432).

The order of the Appellate Division in so far as it modified the order of the surrogate should be reversed, and the order of the surrogate affirmed, without costs to either party.

All concur.

Ordered accordingly.